887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael FRIEND, Plaintiff-Appellant,
v.
George WILSON, Secretary of Corrections, et al., Defendants-Appellees.
 No. 88-5173.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BENJAMIN F. GIBSON,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Michael Friend, appeals a judgment entered in the United States District Court for the Western District of Kentucky dismissing his complaint brought pursuant to 42 U.S.C. Sec. 1983 and denying his motions for a temporary restraining order, preliminary injunction and partial summary judgment.
 
 
 2
 Friend, a prisoner of the Kentucky State Prison system was moved to the Roederer Farm Center, (RFC), a minimum security facility, in January, 1986. He is a diabetic and requires a special diet and insulin injections to control his conditions. In April, 1987, Friend filed the present action against four jail administrators alleging that he had been deprived of adequate medical and dental care and denied recreational activity for the 15 months that he had been at the RFC. Specifically, he claimed that he had not received the proper diet as prescribed by prison physicians despite repeated complaints, he had had to wait a long period of time before receiving dental attention when needed and that he had been denied outdoor recreational activity necessary to control his diabetic condition. He subsequently filed motions for partial summary judgment, a temporary restraining order and a preliminary injunction.
 
 
 3
 While his claim was pending, an incident in the RFC resulted in disciplinary procedures being brought against Friend within the prison disciplinary system. A hearing was held and Friend was assigned punishment for the incident. He subsequently moved to amend his complaint in this action to allege that the disciplinary procedures had violated his right to due process.
 
 
 4
 In August, 1987, the district court referred this matter to a magistrate for disposition of all non-dispository matters and fact findings and recommendations regarding all other issues in the case. The magistrate initially granted Friend's motion to amend his complaint and set the case for an evidentiary hearing on all other matters. The hearing was held over several days and the magistrate submitted his findings of fact and recommendations to the district court. The magistrate found Friend's allegations to be "frivolous and nitpicking." Further, he found that Friend's medical treatment was adequate and that he received proper dental and medical care while he was at the RFC. Regarding the disciplinary procedures, the magistrate determined that they complied with applicable law in all respects. He therefore recommended that the complaint be dismissed and that all of Friend's pending motions be denied. Friend submitted objections to the report and the district court, after a de novo review of the record, the magistrate's report and Friend's objections thereto, adopted the fact finding and recommendations of the magistrate and dismissed this action accordingly. Friend filed a timely notice of appeal.
 
 
 5
 On appeal, Friend alleges various errors of procedure, evidentiary law and questions the legal standards used below. The defendant-appellees submitted no brief but instead rely upon the magistrate's report and the record below to assert their arguments.
 
 
 6
 Upon reviewing the appellant's arguments and reviewing the entire record available to the magistrate and to the district judge, we are fully satisfied that the dismissal of Friend's complaint under 42 U.S.C. Sec. 1983 and the consequent denial of his motions for injunctive relief and partial summary judgment were entirely justified. The record fails to show any substantial complaint which would amount to deliberate indifference to known and serious medical needs within the meaning of Estelle v. Gamble, 429 U.S. 97 (1976) or sufficient evidence showing neglect or noncompliance with the due process requirements with respect to the prison disciplinary proceedings to which Friend was subject. See Wolff v. McDonnell, 418 U.S. 539 (1974), and related cases from this and other circuits.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation